IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CASSANDRA CAIN**                                                                                            **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 2:17-CV-154-KS-MTP**

**SHAMROCK ALLIANCE, LLC, and**
**JASON MORGAN**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Default Judgment [15] filed by Plaintiff Cassandra Cain. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion for Default Judgment [15] is not sufficiently supported and should be denied without prejudice.

### I. BACKGROUND

On September 1, 2017, Plaintiff Cassandra Cain ("Plaintiff") brought this action against Defendants Shamrock Alliance, LLC ("Shamrock") and Jason Morgan ("Morgan") (collectively "Defendants"). On September 21, 2017, process was served on Shamrock. (*See* Summons [4].) After no answer was filed by Shamrock, Plaintiff moved for an entry of default, which was granted on January 8, 2018. (*See* Entry of Default [9].) Summons was served on Morgan on February 7, 2018. (*See* Summons [12].) Morgan also failed to answer, and default was entered against him on March 15, 2018. (*See* Entry of Default [14].) Plaintiff then filed this Motion for Default [15] on June 21, 2018.

### II. DISCUSSION

By their default, Defendants have admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore,

in addressing a motion for default judgment, the Court accepts the factual allegations of the Complaint [1] as true. The entry of a default, however, "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* When awarding damages, the Court must ensure that the amount awarded is reasonable and demonstrated by the evidence. Fed. R. Civ. P. 55(b)(2)(C).

Here, Plaintiff has not given the Court any citation to the legal framework under which she claims she is entitled to damages, except for a general reference to the FLSA and its section on remedies. Furthermore, she references allegations that were not brought in her original Complaint [1], such as the number of hours she worked without pay. She has also failed to establish the reasonableness of the attorney's fees she is requesting, as she neglects to include her attorney's hourly rate or to include an accounting of the time devoted to her case.

Finding that Plaintiff has failed to provide a sufficient basis for judgment to be entered in her favor, the Court will **deny** the Motion for Default Judgment [15] **without prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Default Judgment [15] is **denied without prejudice**.

SO ORDERED AND ADJUDGED, on this, the 16th day of July, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE